IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD JARELL CONAWAY, # 2817238, :

    Plaintiff :

v. : CIVIL ACTION NO. RDB-18-1256

DEPUTY BIVENS :

    Defendant :

## MEMORANDUM OPINION

Plaintiff Edward Conaway, a Maryland Division of Correction prisoner housed at Western Correctional Institution, seeks money damages[1] against Harford County, Maryland Sheriff's Deputy Bivens. Conaway complains that Bivens falsely stated that Conaway spit on her, which led to Conaway's arrest on the charge of second-degree assault on a correctional officer. Conaway states he did not commit the assault and that Bivens' statements otherwise were lies. ECF No. 1, p. 1. He further states that camera footage exists to show what really happened. ECF No 1, p. 1; ECF No. 3.[2] In addition to the Complaint, Conaway submitted a Motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) (ECF 2), which will be granted.

Because Conaway is a prisoner proceeding in forma pauperis, this Court must initially examine his claim to determine whether it states a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The

---

[1] Conaway also seeks to criminally charge Bivens with committing perjury. ECF No. 3. Conaway, a private citizen, lacks a judicially cognizable interest in the criminal prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). He is therefore not entitled to this type of relief.

[2] Conaway titles ECF No. 3 as a Motion for Summary Judgment. Summary judgment is denied, for reasons apparent herein.

standard for such review is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Conaway's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although this Court must allow liberal construction of a Complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this Court is further obliged by 28 U.S.C. '1915A to screen and dismiss any prisoner complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous A[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally.@ *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). Under the provisions of 28 U.S.C. '1915(e)(2) a case Ashall be dismissed at any time if the court determines thatB (A) the allegation of poverty is untrue; or (B) the action or appealB (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.@

The Court notes that Conaway pleaded guilty to the assault charge and was sentenced on February 17, 2017, to two years of incarceration.[3] Conaway did not seek leave to appeal his guilty plea, thus foregoing a mechanism of review. He may not, however, seek such a review by

---

[3] *See State of Maryland v. Edward Jerrell Conaway*, Criminal No. 12-K-17-000053 (Cir. Ct. Harford Co.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

2

way of this civil lawsuit. *See Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

The Complaint shall be dismissed without prejudice by separate Order which follows.

Date: MAY 1, 2018

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE